IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUTH LEZCANO BONILLA, et al.,

    Plaintiffs,

    v.

FELIX V. MATOS RODRIGUEZ, et al.,

    Defendants.

CIVIL NO. 07-1453 (RLA)

## **ORDER DENYING MOTION TO DISMISS**

Codefendant Felix V. Matos Rodriguez, both in his individual capacity and as Secretary of the Department of the Family of the Commonwealth of Puerto Rico ("Department of the Family"), has moved the court to dismiss the instant complaint pursuant to the provisions of Rule 12(b)(6) Fed. R. Civ. P.

The Court having reviewed the arguments presented by the parties hereby rules as follows.

### **BACKGROUND**

Plaintiff, Ruth Lezcano Bonilla, instituted this action as a result of her suspension as a Social Worker III with the Families and Children Administration of the Department of the Family. Mrs. Lezcano Bonilla requests monetary compensation as well as the repeal of the notice of intent to dismiss used as grounds for her suspension. Ralph Rodriguez, her husband, also seeks damages in this action. The complaint is premised on the provisions of the Civil Rights Act of 1964, 42 U.S.C. § 1983, as well as under art. 1802 of the Puerto Rico

Civil Code, P.R. Laws Ann. tit. 31, § 5141 (1990) and the local Libel and Defamation Law, Laws of P.R. Ann. tit. 32, §§ 3141-3149 (1990) pursuant to our supplemental jurisdiction. Named defendants are: Mr. Matos Rodriguez as well as Wigberto Rodriguez Martinez and Lourdes Luna.[1]

Movant has petitioned dismissal of the claims asserted against him on the following grounds:

1. Claims for monetary damages in his official capacity are barred by the Eleventh Amendment;
2. Failure to state a § 1983 claim;
3. Defendant, in his individual capacity, is entitled to qualified immunity;
4. Plaintiff, Ralph Rodriguez, lacks standing to sue under § 1983;
5. There is no *respondeat* superior liability; and
6. The pendent claims should be dismissed.

### ELEVENTH AMENDMENT

#### Monetary Relief

Defendant alleges that all claims against him in his official capacity are barred by the Eleventh Amendment to the United States Constitution. This constitutional provision disallows the commencement and prosecution in federal court of suits claiming

---

[1] These two individuals are allegedly responsible for the purportedly defamatory statements which prompted plaintiff's suspension.

**CIVIL NO. 07-1453 (RLA)** **Page 3**

damages brought against any state, including Puerto Rico, without its consent. <u>In re San Juan Dupont Plaza Hotel Fire Lit.</u>, 888 F.2d 940, 942 (1st Cir. 1989); <u>Ramírez v. P.R. Fire Serv.</u>, 715 F.2d 694, 697 (1st Cir. 1983); <u>Fernández v. Chardón</u>, 681 F.2d 42, 59 n.13 (1st Cir. 1982).

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Actions filed against government officials in their official capacity are deemed actions against the state since the real party in interest is the government and not the official. Eleventh Amendment immunity applies even though the state has not been named in the suit. <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Suits against officers in their official capacity for damages are tantamount to actions directly against the state. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Therefore, when sued in his official capacity, even though Mr. Matos Rodriguez may have been acting under color of law pursuant to 42 U.S.C. § 1983, he is considered an *alter ego* of the Commonwealth

**CIVIL NO. 07-1453 (RLA)**                                             **Page 4**

of Puerto Rico and any monetary claim against him as an officer of the Department of the Family is precluded by the Eleventh Amendment. *See*, Kostka v. Hogg, 560 F.2d 37 (1st cir. 1977) (absent explicit Congressional intent, federal courts have no authority to impose damages liability against a state). In other words, "the fact that an official acts under color of law does not mean the he or she becomes the state - when sued in his or her individual capacity, he or she is a person for the purpose of § 1983 and enjoys no Eleventh Amendment immunity." Rodney A. Smolla, 2 Federal Civil Rights Acts 3rd Ed. (West Group) 1998.

Accordingly, plaintiff, Ruth Lezcano Bonilla has no viable claim under 42 U.S.C. § 1983 for monetary relief against Felix V. Matos Rodriguez in his official capacity pursuant to the Eleventh Amendment.[2]

### Equitable Relief

Equitable relief, on the other hand, is not covered by the Eleventh Amendment protection. P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); Chaulk Serv., Inc. v. Mass. Com'n, 70 F.3d 1361 (1st Cir. 1995); Charles v. Rice, 28 F.3d 1312 (1st Cir. 1994).

---

[2] Plaintiff, however, may assert claims against Mr. Matos Rodriguez in his individual capacity under to 42 U.S.C. § 1983. Any judgment entered against defendant pursuant to § 1983 must be satisfied by him personally unless he is entitled to coverage by P.R. Laws Ann. tit. 32 § 3085 (1990) in which case judgment will be satisfied from Puerto Rico funds.

**CIVIL NO. 07-1453 (RLA)** **Page 5**

In addition to compensatory claims, plaintiff, Ruth Lezcano Bonilla, has petitioned that defendant, in his capacity as head of the Department of Family, be required to withdraw the notice of intent to dismiss her and to expunge any references thereto in plaintiff's record. These claims, which are limited to equitable relief and therefore, directed at defendant in his role as head of the Agency, are not encompassed within the Eleventh Amendment protection.

## RULE 12(b)(6) STANDARD

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Frazier v. Fairhaven Sch. Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. denied* 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to

determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

## THE CLAIMS

The following allegations must be taken as true pursuant to Rule 12(b)(6) for purposes of the motion presently before us. According to the complaint, on August 24, 2006, Mrs. Lezcano Bonilla received a notice of summary suspension from her duties. The suspension was based on an allegedly false report issued by a local radio station which indicated that Mrs. Lezcano Bonilla had requested payment of $5,000.00 to keep a certain minor within the custody and care of Wigberto Rodriguez Martinez, a registered foster parent with the Administration of Families and Children. The pleading further avers that the summary suspension letter did not afford plaintiff an opportunity to challenge the adequacy of her summary suspension. On October 10, 2006, the Secretary of the Family notified plaintiff that an alleged investigation had prompted a notice of intent to dismiss her. This letter gave plaintiff a term of fifteen days to request an informal hearing before an impartial examining officer. Plaintiff timely requested a hearing as well as access to all evidence sustaining the allegations asserted against her. The hearing took place on December 12, 2006, before Victor Rivera. No one appeared on

**CIVIL NO. 07-1453 (RLA)**                                                                 **Page 7**

---

behalf of the Agency nor was there any evidence produced at the time in support of the alleged payment demand. According to plaintiff, defendant has failed to provide her with "detailed factual statements regarding the instances, places and circumstances surrounding the alleged requests for money"[3] to enable her to adequately defend.

No report of the administrative hearing has been issued nor a letter permanently separating plaintiff from her position.[4]

Plaintiff alleges that the absence of factual basis for her summary suspension renders this decision arbitrary and capricious.[5] Further, plaintiff has not been able to challenge the evidence used against her because the Agency has not made the witnesses available for cross-examination nor has she been provided with a copy of their statements.[6]

### SUPERVISORY LIABILITY

Defendant alleges that he is not liable under § 1983 because no personal involvement has been established in the events leading to this litigation. The doctrine of *respondeat superior*, whereby liability is imposed on employers for the acts or omissions of their employees is inapposite in actions brought under § 1983. Supervisors will be held accountable under this provision solely "on the basis of

---

[3] Complaint ¶ 16.

[4] Complaint ¶ 17.

[5] Complaint ¶ 18.

[6] Complaint ¶ 19.

**CIVIL NO. 07-1453 (RLA)**                                                Page 8

[their] own acts or omissions". Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 48 (1st Cir. 1999); Diaz v. Martinez, 112 F.3d 1, 4 (1st Cir. 1997); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). Rather, "[s]uch liability can arise out of participation in a custom that leads to a violation of constitutional rights, or by acting with deliberate indifference to the constitutional rights of others." Diaz v. Martinez, 112 F.3d at 4 (citations omitted).

Further, for plaintiff to prevail she must bring evidence of a casual connection or relationship between the alleged misconduct and the supervisor's acts or omissions. "A supervisory officer may be held liable for the behavior of his subordinate officers where his action or inaction [is] affirmative[ly] link[ed]... to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Wilson, 294 F.3d at 6 (citations and internal quotations omitted); Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 279 (1st Cir. 2000); Barreto-Rivera, 168 F.3d at 48; Maldonado-Denis, 23 F.3d at 582; Gutierrez-Rodriguez, 882 F.2d at 562.

In this case there are specific allegations of conduct on the part of Mr. Matos Rodriguez regarding the challenged determination which, pursuant to Rule 12(b)(6), we must accept. The notice of

**CIVIL NO. 07-1453 (RLA)**                                           **Page 9**

intent to dismiss was notified by defendant;[7] defendant has not rendered any findings subsequent to the administrative hearing nor taken any final action on this matter[8] and has continued steadfast in his position regarding plaintiff's suspension despite the lack of reliable evidence to support the charges.[9]

Accordingly, defendant's request for dismissal on these grounds is **DENIED**.

### QUALIFIED IMMUNITY

Matos Rodriguez further argues he is entitled to qualified immunity. Qualified immunity shields officials from having to pay for damages resulting from violations of § 1983 provided certain particular circumstances are present. "The doctrine of qualified immunity 'provides a safe harbor for a wide range of mistaken judgments.'" Kauch v. Dep't for Children, Youth and Their Families, 321 F.3d 1, 4 (1st Cir. 2005) (citing Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).

The court will follow a three-part inquiry in ascertaining whether or not a defendant is entitled to protection. Initially, the court will consider "whether the plaintiff's allegations, if true, establish a constitutional violation." Whalen v. Mass. Trial Court, 397 F.3d 19, 23 (1st Cir. 2005). If so, the court will proceed to

---

[7] Complaint ¶ 13.

[8] Complaint ¶ 17.

[9] Complaint ¶ 20.

**CIVIL NO. 07-1453 (RLA)**                                                           **Page 10**

determine "whether the right was clearly established at the time of the alleged violation." *Id*. "Finally, we ask whether a similarly situated reasonable official would have understood that the challenged action violated that right." *Id*.

Thus, "qualified immunity remains available to defendants who demonstrate that they acted objectively reasonably in applying clearly established law to the specific facts they faced." <u>Burke v. Town of Walpole</u>, 405 F.3d 66, 8 6 (1st cir. 2005). In other words, whether "an objectively reasonable official in the defendants' position would not necessarily have understood that his action violated plaintiff's rights". <u>Whalen</u>, 397 F.3d at 28.

Because qualified immunity is an affirmative defense it is defendant's burden to present evidence of its applicability. <u>Dimarco-Zappa v. Cabanillas</u>, 238 F.3d 25, 35 (1st Cir. 2001).

Defendant argues that after carrying out a proper investigation the Department of the Family decided to terminate plaintiff's employment and that an informal hearing before an impartial examining officer was held upon plaintiff's request for which reason he is entitled to qualified immunity. However, the motion currently before the court is not a summary judgment petition but rather the request is premised on dismissal for failure to state a claim under Rule 12(b)(6) which mandates that the court accept all factual allegations of the complaint as true.

The complaint charges violation of 42 U.S.C. § 1983 which reads:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

Section 1983 does not create substantive rights but is rather a procedural mechanism for enforcing constitutional or statutory rights. Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Hence, it is plaintiffs' burden to identify the particular underlying constitutional or statutory right that is sought to be enforced via judicial proceedings.

In order to prevail in a § 1983 claim plaintiff must bring forth evidence that defendant (1) acted "under color of state law" and (2) deprived plaintiff of a federally protected right. Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005); Rogan v. City of Boston, 267 F.3d 24 (1st Cir. 2001); Collins v. Nuzzo, 244 F.3d 246 (1st Cir. 2001); Dimarco-Zapa, 238 F.3d at 33; Barreto-Rivera, 168 F.3d at 45.

There is no dispute that Mr. Matos Rodriguez was acting within the scope of his duties as a state officer at all relevant times. Therefore, the first element is satisfied. We must then ascertain

**CIVIL NO. 07-1453 (RLA)**                                                      **Page 12**

whether plaintiff Ruth Lezcano Bonilla was deprived of any federally protected right as a result of the events described in the complaint.

The Due Process Clause provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1.

In order to properly assert a procedural due process claim under § 1983, plaintiff must show that: (1) it had a property interest and (2) that defendants, acting under color of state law, deprived it of that property interest without providing it with a constitutionally adequate procedure. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 56 (1st Cir. 2006); Licari v. Ferruzzi, 22 F.3d 344, 347 (1st Cir. 1994); Rumford Pharmacy v. City of East Providence, 970 F.2d 996, 999 (1st Cir. 1992); PFZ Properties v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991). "Under the Due Process Clause of the Fourteenth Amendment, persons who possess a property interest... cannot be deprived of that interest without due process of law." Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 6 (1st Cir. 2000). Hence, it is only in situations where plaintiff has been able to establish a property right at stake that due process protection comes into play. *See*, Redondo-Borges v. U.S. Dep't of Housing and Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005) ("[f]or a claim to succeed, the plaintiffs must identify a protected property or liberty interest.")

In order to ascertain the adequacy of the procedures available to plaintiff "'it is necessary to ask what process the State

provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure... effecting the deprivations, and any remedies for erroneous deprivations provided by statute or tort law.'" Licari, 22 F.3d at 347 (*citing* Zinermon v. Burch, 494 U.S. at 126).

The complaint specifically avers that plaintiff was suspended from her position without being afforded the opportunity to confront the evidence used by defendant to justify her suspension. The so-called hearing did not minimally comport with due process requirements. At no time was plaintiff allowed to cross-examine the persons charging her with demanding a money payment. Further, she was never provided with copies of any statements or transcripts of the testimony of the charging witnesses to allow for a meaningful opportunity to defend herself from the charges which led to her suspension.

Based on the facts as pled, the court cannot possibly infer defendant's objective belief that his conduct was constitutionally sound. Accordingly, we decline to afford Matos Rodriguez qualified immunity protection.

### SPOUSE § 1983 STANDING

Defendant argues that plaintiff's spouse, Ralph Rodriguez, does not have standing to bring a § 1983 claim. Only persons who have been subject to constitutional deprivations may bring actions under

**CIVIL NO. 07-1453 (RLA)** Page 14

§ 1983. Family members do not have an independent claim under § 1983 unless the constitutionally defective conduct or omission was directed at the family relationship. Brown v. Ives, 129 F.3d 209, 211 (1st Cir. 1997); Robles-Vazquez v. Garcia, 110 F.3d 204, 206 n.4 (1st Cir. 1997).

In this case the constitutionally defective conduct was not addressed at Mr. Rodriguez, thus, he has no direct constitutional claim and consequently, no viable cause of action under § 1983.[10]

### SUPPLEMENTAL CLAIMS

The Court having denied the dismissal of the federal cause of action, defendant's request to dismiss the supplemental claims is rejected.

### CONCLUSION

Based on the foregoing, the Motion to Dismiss filed by Felix V. Matos Rodriguez (docket No. **6**) is **DENIED**.[11]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 25th day of February, 2008.

                                                S/Raymond L. Acosta
                                                 RAYMOND L. ACOSTA
                                           United States District Judge

---

[10] Spouses, however, assert derivative claims under Puerto Rico law. Rodriguez-Rios v. Cordero, 138 F.3d 22, 26 (1st Cir. 1998).

[11] See Opposition (docket No. **7**).